# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PIT VIPER, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>               Defendants. | Case No. 25-cv-12495<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Daniel P. McLaughlin** |

## SEALED TEMPORARY RESTRAINING ORDER

Plaintiff Pit Viper, LLC ("Plaintiff" or "Pit Viper") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery (the "Motion") against the fully interactive, e-commerce stores operating under the seller aliases (collectively, "Defendants") and the online marketplace accounts identified in the table below (the "Online Marketplaces").

| No. | Defendant Name/Seller Alias | Online Marketplace URL |
|---|---|---|
| 2 | OZOKSKS SUNGLASSES | amazon.com/sp?seller=A3F0WUS6WZJZ36 |
| 9 | ZLL Accessories Culture | temu.com/m-634418224674524.html |
| 10 | CHENGXUE SHOP | walmart.com/seller/102907776 |
| 11 | DRDRD | walmart.com/seller/102765525 |
| 12 | gelingcanyin | walmart.com/seller/102808521 |
| 13 | Greenhe Co., Ltd. | walmart.com/seller/102757735 |
| 15 | JC Feng Shop | walmart.com/seller/102857759 |
| 18 | NCDHE - commerce Co | walmart.com/seller/102891239 |
| 20 | taiwei | walmart.com/seller/102909349 |
| 21 | wangxinkeji | walmart.com/seller/102838380 |
| 22 | wanhankeji | walmart.com/seller/102846421 |
| 25 | yanyixuan | walmart.com/seller/102804595 |
| 26 | YONGDEZAN | walmart.com/seller/102814187 |

After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion in part as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products bearing unauthorized copies of Plaintiff's federally registered copyrighted works (including U.S. Copyright Registration Nos. VA 2-391-538, VA 2-391-528, and VA 2-392-545) (the "Pit Viper Copyrighted Works") and/or using infringing and counterfeit versions of Plaintiff's federally registered trademarks (the "PIT VIPER Trademarks") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products bearing unauthorized copies of the Pit Viper Copyrighted Works and/or using counterfeit versions of the PIT VIPER Trademarks. *See* Docket No. [18], which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the PIT VIPER Trademarks and/or bearing unauthorized copies of the Pit Viper Copyrighted Works. A list of the PIT VIPER Trademarks is included in the below chart.

| Registration No. | Trademark |
|---|---|
| 6,363,262 | PIT VIPER |
| 6,924,829 | BRAPSTRAP |
| 7,008,040 | FLIP-OFFS |
| 7,014,155 | LIFT-OFFS |
| 7,014,156 | THE EXCITERS |
| 6,980,093 | DOUBLE WIDE |
| 6,980,094 | SINGLE WIDE |
| 6,995,695 | FULL TURBO |
| 6,995,697 | THE MIAMI NIGHTS |
| 6,995,698 | THE 1993 |
| 7,078,584 | DEMAND RESPECT & AUTHORITY |
| 6,363,259 | (PIT VIPER stylized logo) |
| 6,903,760 | (sunglasses design drawing) |
| 6,903,761 | (sunglasses design drawing) |

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Vance Lommen [17] and the Declaration of Justin R. Gaudio [16] in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

   a. using the PIT VIPER Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Pit Viper product or not authorized by Plaintiff to be sold in connection with the PIT VIPER Trademarks;

   b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Pit Viper Copyrighted Works in any manner without the express authorization of Plaintiff;

   c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Pit Viper product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the PIT VIPER Trademarks and/or the Pit Viper Copyrighted Works;

   d. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or

inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the PIT VIPER Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof and/or which bear the Pit Viper Copyrighted Works.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as PayPal, Inc. ("PayPal"), Amazon.com, Inc. ("Amazon"), WhaleCo Inc. ("Temu"), and Walmart, Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the PIT VIPER Trademarks and/or the Pit Viper Copyrighted Works.

4. Any Third Party Providers shall, within seven (7) calendar days of receipt of this Order:
    a. locate all accounts and funds connected to Defendants' Seller Aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A to the Complaint, the e-mail addresses identified in Exhibits to the Declaration of Vance Lommen, and any e-mail addresses provided for Defendants by third parties; and

b.  restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court or until the Order expires, whichever occurs earlier.

5.  Plaintiff must provide notice to Defendants of any motion for preliminary injunction as required by Rule 65(a)(1).

6.  Schedule A to the Complaint [3], Exhibit 3 to the Complaint [2], Exhibits to the Declaration of Vance Lommen [18], and this Order shall remain sealed until further order by this Court or until the Order expires, whichever occurs earlier.

7.  Within seven (7) calendar days of entry of this Order, Plaintiff shall deposit with the Court thirteen thousand dollars ($13,000) ($1,000 per Defendant subject to this Order), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

8.  Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9.  This Temporary Restraining Order without notice is entered at 11:30 A.M. on this 17th day of October, 2025 and shall remain in effect for fourteen (14) calendar days. Any motion to extend this Order must be filed by October 30, 2025.

*Thomas M Durkin*
_____
Thomas M. Durkin
United States District Judge