# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| PIT VIPER, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AMR WANG, et al., <br><br> Defendants. | Case No. 25-cv-12495 <br><br> **Judge Thomas M. Durkin** <br><br> **Magistrate Judge Daniel P. McLaughlin** |

## DEFAULT FINAL JUDGMENT ORDER

This action having been commenced by Plaintiff Pit Viper, LLC ("Plaintiff" or "Pit Viper") against the defendants identified on Schedule A, and using the Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified on Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and have sold products bearing unauthorized copies of Plaintiff's federally registered copyrighted works (including U.S. Copyright Registration Nos. VA 2-391-538, VA 2-391-528, and VA 2-392-545) (the "Pit Viper Copyrighted Works") and/or using infringing and counterfeit versions of Plaintiff's federally registered trademarks (the "PIT VIPER Trademarks") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products bearing unauthorized copies of the Pit Viper Copyrighted Works and/or using counterfeit versions of the PIT VIPER Trademarks. *See* Docket No. [2], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship igoods to customers in Illinois bearing infringing and/or counterfeit versions of the PIT VIPER Trademarks and/or bearing unauthorized copies of the Pit Viper Copyrighted Works.

A list of the PIT VIPER Trademarks is included in the below chart.

| Registration No. | Trademark |
|---|---|
| 6,363,262 | PIT VIPER |
| 6,924,829 | BRAPSTRAP |
| 7,008,040 | FLIP-OFFS |
| 7,014,155 | LIFT-OFFS |
| 7,014,156 | THE EXCITERS |
| 6,980,093 | DOUBLE WIDE |
| 6,980,094 | SINGLE WIDE |
| 6,995,695 | FULL TURBO |
| 6,995,697 | THE MIAMI NIGHTS |
| 6,995,698 | THE 1993 |
| 7,078,584 | DEMAND RESPECT & AUTHORITY |
| 6,363,259 | *PIT VIPER (stylized logo)* |
| 6,903,760 | *sunglasses design drawing* |
| 6,903,761 | *sunglasses design drawing* |

This Court further finds that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and copyright infringement (17 U.S.C. §§ 106 and 501, *et seq.*).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the PIT VIPER Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Pit Viper Product or not authorized by Plaintiff to be sold in connection with the PIT VIPER Trademarks;

    b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Pit Viper Copyrighted Works in any manner without the express authorization of Plaintiff;

    c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Pit Viper Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the PIT VIPER Trademarks and/or the Pit Viper Copyrighted Works;

    d. committing any acts calculated to cause consumers to believe that Defaulting Defendants' Unauthorized Pit Viper Products are those sold under the authorization,

control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

e. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the PIT VIPER Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof and/or which bear the Pit Viper Copyrighted Works.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as PayPal, Inc. ("PayPal"), Amazon.com, Inc. ("Amazon"), WhaleCo Inc. ("Temu") and Walmart, Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell counterfeit and infringing goods using the PIT VIPER Trademarks and/or the Pit Viper Copyrighted Works; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the PIT VIPER Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Pit Viper Product or not authorized by Plaintiff to be

sold in connection with the PIT VIPER Trademarks and/or the Pit Viper Copyrighted Works.

3. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the PIT VIPER Trademarks and/or the Pit Viper Copyrighted Works.

4. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of fifty thousand dollars ($50,000) for willful use of counterfeit PIT VIPER Trademarks on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

5. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of fifty thousand dollars ($50,000) for willful copyright infringement of the Pit Viper Copyrighted Works. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

6. Any Third Party Providers holding funds for Defaulting Defendants shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraphs 4 and 5 above) or other of Defaulting Defendants' assets.

7.  All monies (up to the amount of the statutory damages awarded in Paragraphs 4 and 5 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

8.  Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

9.  In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibits to the Declaration of Vance Lommen and any e-mail addresses provided for Defaulting Defendants by third parties.

10. The thirteen thousand dollar ($13,000) ($1,000 per defendant) surety bond posted by Plaintiff is hereby released to Plaintiff or its counsel, Greer, Burns & Crain, Ltd. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or its counsel.

This is a Default Judgment.

Dated: December 5, 2025

_____
Thomas M. Durkin
United States District Judge

# Pit Viper, LLC v. Amr Wang, et al.

# Case No. 25-cv-12495

## Schedule A

| Defendant Online Marketplaces | | |
|---|---|---|
| No. | URL | Name / Seller Alias |
| 1 | amazon.com/sp?seller=AXF7PUVJ9YOMZ | Amr Wang |
| 2 | DISMISSED | DISMISSED |
| 3 | amazon.com/sp?seller=AHKGTKN2GF01N | The attachment of seagulls |
| 4 | amazon.com/sp?seller=A2SYD3U6YRUIDJ | xiaosastore |
| 5 | amazon.com/sp?seller=A2W1Z8CN5WT12I | zhuojiayoupinStroe |
| 6 | temu.com/m-634418223951756.html | kuailaicai |
| 7 | temu.com/m-634418225018393.html | Lstary |
| 8 | temu.com/m-634418223746868.html | QAJCRHYH |
| 9 | temu.com/m-634418224674524.html | ZLL Accessories Culture Supermarket |
| 10 | walmart.com/seller/102907776 | CHENGXUE SHOP |
| 11 | walmart.com/seller/102765525 | DRDRD |
| 12 | walmart.com/seller/102808521 | gelingcanyin |
| 13 | DISMISSED | DISMISSED |
| 14 | DISMISSED | DISMISSED |
| 15 | walmart.com/seller/102857759 | JC Feng Shop |
| 16 | walmart.com/seller/102768013 | JiaChao |
| 17 | walmart.com/seller/102770049 | King Go Glad Store |
| 18 | walmart.com/seller/102891239 | NCDHE - commerce Co |
| 19 | walmart.com/seller/102750948 | shangshangqian store |
| 20 | DISMISSED | DISMISSED |
| 21 | walmart.com/seller/102838380 | wangxinkeji |
| 22 | walmart.com/seller/102846421 | wanhankeji |
| 23 | DISMISSED | DISMISSED |
| 24 | walmart.com/seller/102767785 | WERKHK |
| 25 | DISMISSED | DISMISSED |
| 26 | walmart.com/seller/102814187 | YONGDEZAN |