## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**PIT VIPER, LLC,**

       Plaintiff,

~ *against* ~

**THE PARTNERSHIPS** *and*
**UNINCORPORATED ASSOCIATIONS**
**IDENTIFIED ON SCHEDULE A,**

       Defendants,

Case No.: **1:25-cv-12495**

**District Judge:**
The Honorable Thomas M. Durkin

**Magistrate Judge:**
The Honorable Daniel P. McLaughlin

---

### MEMORANDUM OF LAW *by* WANHANKEJI
### *in Support of*
### MOTION TO VACATE DEFAULT JUDGMENT

---

Baruch S. Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com
*Counsel For Defendant WanHanKeJi*

## A.  <u>Table of Contents</u>

**B.**     **Table of Authorities** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**C.**     **Introductory Statement** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**D.**     **Procedural Background** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**E.**     **Argument**: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    I.     The Default Judgment was Void
       under Article 15 of the Hague Convention . . . . . . . . . . . . . . . . . . . . . . . . 8

    II.     If the Default Judgment Validly Issued
       These are the Standards to Vacate the Judgment. . . . . . . . . . . . . . . . . . . 11

        a.     Lack of Fault and Good Cause . . . . . . . . . . . . . . . . . . . . . . . . . 13

        b.     Meritorious Defense:
           The e-mail Service was Invalid . . . . . . . . . . . . . . . . . . . . . . . 14

        c.     Meritorious Defense:
           There is No Jurisdiction Over the Defendant because
           Plaintiff did not Properly Serve Process . . . . . . . . . . . . . . . . . 15

        d.     Meritorious Defense:
           No Personal Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

        d.     Meritorious Defense:
           No Willful Infringement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**F.**     **Conclusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

**B.** Table of Authorities

## Cases

*Anova Applied Elecs., Inc. v. Hong King Grp., Ltd.*,
   334 F.R.D. 465 (D. Mass. 2020) ...................................................................... 14

*Bestway Inflatables & Material Corp. v. Individuals, -,*
   11696, 2025 U.S. Dist. LEXIS 115749 (N.D. Ill. June 17, 2025) ................... 10

*BP Prods. N. Am. v. Dagra,*
   236 F.R.D. 270, 2006 U.S. Dist. LEXIS 38100 (E.D.Va. 2006) ..................... 16

*BP Prods.*,
   236 F.R.D. 273 ................................................................................................ 17

*Celine S.A. v. P'ships & Unincorporate Ass'ns Identified on Schedule "A", Case -,*
   6208, 2025 U.S. Dist. LEXIS 39471 (N.D. Ill. Mar. 5, 2025) ......................... 10

*CFTC v. Caniff, -,*
   2935, 2020 WL 956302 (N.D. Ill. Feb. 27, 2020) ........................................... 15

*Cracco v. Vitran Express, Inc.,*
   559 F.3d 625 (7th Cir. 2009) .......................................................................... 12

*Duong v. DDG BIM Servs. LLC,*
   No. 8:23-CV-1551, 2023 WL 7209982 (M.D. Fla. Nov. 2, 2023) ................... 15

*Escamilla v. United States,*
   62 F.4th 367 (7th Cir. 2023) ...................................................................... 12, 12

*Habas Sinai Ve Tibbi Gazlar Istihsal A.S. v. Int'l Tech. & Knowledge Co., Inc.,*
   2019 WL 7049504 (W.D. Pa. Dec. 23, 2019) .................................................. 15

*Jones v. Phipps,*
   39 F.3d 158 (7th Cir. 1994) ............................................................................ 12

*Klauber Bros., Inc. v. Partnerships & Unincorporated Associations Identified in
   Schedule "A",*
   2024 Case No. 23-cv-10407; 2024 WL 182209 (2024) ............................ 17, 17

*Langford v. Juárez Cartel, et al.,*
   2020 Case No. 1:20-cv-00132 (D.N.D. 2020) ................................................. 16

*Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*,
    391 F. Supp. 3d 816 (N.D. Ill. 2019) ................................................................ 15

*Mwami v. U.S., et al.*,
    Case No. 1:99-cv-00125 ..................................................................................... 16

*NBA Props. v. The Partnerships, et al.*,
    549 F. Supp. 3d 790 (N.D. Ill. 2021) ................................................................ 14

*Ocampo De Kalb v. GMAC Commer. Mortg. Corp.*,
    169 F. Supp. 2d 810 (N.D. Ill. 2001) ................................................................ 12

*Parker v. Scheck Mec. Corp.*,
    772 F.3d 502 (7th Cir. 2014) ............................................................................. 12

*Peanuts Worldwide LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A", Case -*,
    2965, 2024 U.S.Dist. LEXIS 111501 (N.D.Ill. June 25, 2024) .................... 10, 9

*Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*,
    494 F. Supp. 3d 404 (N.D. Tex. 2020) ............................................................. 14

*Pretzel & Stouffer v. Imperial Adjusters, Inc.*,
    28 F.3d 42 (7th Cir. 1994) ................................................................................. 12

*Purple Innovation, LLC v. Chuang Fan Handicraft Co., Case , 2023 U.S. Dist. LEXIS*,
    75678, 2023 WL 3168485 (D. Utah Apr. 28, 2023) ........................................ 17

*Smart Study Co. v. AcuteyeUs*,
    620 F. Supp. 3d 1382 (S.D.N.Y. 2022) ............................................................ 15

*Sun v. Bd. of Trs. of the Univ. of Ill.*,
    473 F.3d 799 (7th Cir. 2007) ............................................................................. 12

*United States v. Dixon*,
    7239, 2001 U.S. Dist. LEXIS 9709 (N.D. Ill. July 12, 2001) .......................... 12

**Federal Rules**

Fed. R. Civ. P. 4(f)(3) ................................................................................................ 9

Fed. R. Civ. P. 55(c) ............................................................................................. 6, 11

Fed. R. Civ. P. 60(b) ............................................................................................ 6, 12

**Other Authorities**

Declaration of Secretary Rusk (August 24, 1967) ....................................................... 10

https://brandportal.walmart.com/ipservices .............................................................. 6

https://www.hcch.net/ ............................................................................................. 10

https://www.hcch.net/en/ ........................................................................................ 14

### C.     Introductory Statement

Just a month after the Preliminary Injunction was entered, the China-based Moving Defendant WanHanKeJi – who was completely unfamiliar with legal processes in the United States – has learned that a snap Default Judgment has been entered, that the docket does not show was served on the Defendants.

Working on an emergency basis with their local Counsel in China and then with U.S. based counsel, the Defendant now respectfully appears and moves to Vacate the Default Judgment against them pursuant to FED. R. Civ. P. 55(c) and 60(b), and Article 15 of the Hague Convention.  To the extent that the Honorable Court grants vacatur, that Defendant respectfully seeks an Order that grants them at least ten (10) days to Answer (or such other time period that the Honroable Court deems appropriate() or otherwise move with respect to the Complaint.

Pursuant to the local rules that limit the body of Briefs to 15 pages, this argument here will only glance upon the complex procedural issues at play.  The Moving Defendant remains available to supplement this briefing or elaborate at oral argument if so directed.

### D.     Procedural Background

Plaintiff bypassed the well-oiled machinery of Walmart's intellectual property enforcement system, *See,* https://brandportal.walmart.com/ipservices and filed a trawling Complaint that makes vague, generalized allegations against more than a dozen of "Partnerships and unincorporated associations".  The Defendant has no idea why they were joined in this suit other than the vague allegations in the Complaint about how the Defendants acted "either individually or jointly" and how the Defendants supposedly acted to disguise their "true identities and the exact interworking of their counterfeit network". Complaint ¶ 20.  While the Plaintiff

promised to amend the Complaint to establish the basis for joinder factually, *Id.*, despite being disclosed the true owners of the storefronts by the platforms, the Plaintiff has failed to do so. Presumably because there is no such evidence of any interrelationship.[1]

There is nothing in the Complaint or in the public record that names any action (or failure to act) by Defendant or their role in this sprawling conspiracy, let alone that any alleged infringement was "willful". Nor is there any factual truth to those allegations as explained in this Memorandum below. Further, as will be more fully discussed in the separately filed Motion to Modify the Injunction, there were no organic sales in Illinois other than the bogus "test sale" fashioned by the Plaintiff to artificially manufacture jurisdiction in this Court.

After imbricating itself in a lawsuit against more than a dozen of Defendants, the Plaintiff obtained leave to serve the Defendants in China (including the Moving Defendant) by e-mail. Having cast a wide net against Defendants and serving the case by spam to unidentified e-mail addresses, the Plaintiff moved for a Default Judgment which was swiftly granted, though the docket does not show the service of the Default Judgment on any of the Defendant.

Last week and without the input of the Moving Defendant, this Honorable Court issued a Default Judgment Order (ECF 49) which acknowledged that the only way that any Defendant would know of this case is "electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors", Default Judgment Order at p. 1.

Defendant retained Counsel who coordinated with Undersigned Counsel. Given the time sensitive nature of this application, the Undersigned has filed this Motion immediately

---

[1] Sales platforms like Walmart have strict rules for its sellers that bar the maintenance of more than a single store by a single individual/company. If any such overlap was discovered during the preliminary discovery provided by Walmart, the Plaintiff would have been able to amend the Complaint (as promised). Having not done so, it is plain that there is and was no basis for joinder.

upon being retained and has not been able to consult with Plaintiff's Counsel on a briefing schedule for this Motion or substantive settlement. To the extent that the Plaintiff's Counsel can coordinate with the Undersigned the Parties intend to quickly submit a proposed briefing schedule and to engage in substantive settlement negotiations.

But to protect their rights, the Moving Defendant now respectfully appears as quickly as they have been able to vacate the Default to defend this case on the merits.

### E.    Argument

#### I.    The Default Judgment was Void under Article 15 of the Hague Convention

Defendant submits that the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (Hague Convention), arts 15-16, 20 U.S.T. 361 (Nov. 15, 1965) applies to service on the Defendants.

To be very clear about two points:

**First – The Defendant's address was known and therefore the Hague Convention in its entirety applies**. The Plaintiff themselves submitted a screenshot of the Defendant's store in their complaint and included that information:



Exhibit to Complaint at ECF 2-1

8

Further, the Plaintiff has obtained preliminary discovery which confirms that information. In short, the Defendant's address was known or at least possible to obtain with reasonable diligence, *See generally, Peanuts Worldwide LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, Case No. 23-cv-2965, 2024 U.S.Dist. LEXIS 111501, **19-22 (N.D.Ill. June 25, 2024)(Pallmeyer, J.)(Hague Convention applies to "Schedule A" Defendant where there is at least one known address).

### Second – Alternate Service is *Consistent* with the Hague Convention, it does not *Invalidate* the Hague Convention.

By Minute Entry, this Honorable Court found that "Motion for electronic service of process pursuant to Fed. R. Civ. P. 4(f)(3) []is granted.", MINUTE ENTRY, ECF 25. While the Defendant will dispute the validity of that service at the appropriate junction, what is relevant for this Motion is that when alternate service is authorized internationally, it is not an *invalidation* of the Hague Convention, but a *fulfillment* of the Hague Convention.

Under Article I, the Convention does "not apply where the address of the person to be served with the document is not known". But in this case the Defendant's address *is* known and therefore the Hague Convention *does* apply, *See Peanuts* cited above. A finding that Article X does not prohibit e-mail service deals with the issue of *service of process* and whether under the Convention, a Defendant in China may be served internationally by e-mail.

But once service of process is complete, there are other relevant provisions of the Hague Convention that still apply. Specifically, Article 15 limits when Default Judgments can be issued. As Declared by Secretary of State Dean Rusk on August 24, 1967, this Court may only enter default judgment against a Defendant to whom the Hague Convention applies "if *all the conditions* specified in subdivisions (a), (b) and (c) of the second paragraph of Article 15 are filled",

Declaration of Secretary Rusk (August 24, 1967) available online at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=428&disp=resdn (emphasis added). Those conditions are:

> "(a.)  the document was transmitted by one of the methods provided for in this Convention,
>
> "(b.)  a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
>
> "(c.)  no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed."

Hague Convention, art. 15.  A copy of the U.S. declarations maintained by the Depositary body is annexed as Exhibit A.

In *Peanuts*, Judge Pallmeyer found that the Moving Defendant waived the Article 15 argument for failure to mention it in their initial Moving Papers, *Peanuts Worldwide*, 2024 U.S. Dist. LEXIS 111501, at *32.  We emphasize that this argument *is not waived in this instance*, as it is being raised in the first paper by the Defendant.  District Judge Gettleman, for example, once alerted to this issue has confirmed that Article XV still applies, *See Celine S.A. v. P'ships & Unincorporate Ass'ns Identified on Schedule "A"*, Case No. 24-cv-6208, 2025 U.S. Dist. LEXIS 39471, at *4 (N.D. Ill. Mar. 5, 2025)(Gettleman, *J.*)

In other words: "Just because alternate service is permitted under Rule 4(f)(3) does not mean that the Hague Convention magically disappears, as plaintiff seems to wish.[] Instead, in cases where it applies, the Hague Convention [Art. 15] governs the conditions under which a court may grant default judgment." *Bestway Inflatables & Material Corp. v. Individuals*, No. 24-cv-11696, 2025 U.S. Dist. LEXIS 115749, at *4 (N.D. Ill. June 17, 2025)

Under Article 15 it is not good enough that China did not object to e-mail service. That addresses the validity of service. Under Article 15 there is a separate requirement that a Default Judgment issue only if the document was transmitted by a method provided for in this Convention and six months have elapsed. That did not occur here.

Further, under Article 15(b), a Default Judgment cannot issue when the Hague Convention applies until *six months* after the transmission of the document. In this case, even assuming the October 28, 2025, e-mail service was valid, the Default Judgment could not issue until April 28, 2026.

Last, there is no indication of any effort to obtain a "certificate of any kind" from the competent authorities in China, as required under Article 15.

For these reasons, the Default Judgment was void under Article 15 and under Rules 55, 60, and other applicable rules and practices of this Court and should be vacated.

## II.     If the Default Judgment Validly Issued
## These are the Standards to Vacate the Judgment

The Rules authorize this Honorable Court to "set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). In turn, Rule 60 provides:

> "(b)  **Grounds for Relief from a Final Judgment, Order or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)  mistake, inadvertence, surprise, or excusable neglect;
>
> (2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

11

(4) the Judgment is void;

. . .

(6) any other reason that justifies relief.

"(c) **Timing and Effect of the Motion**.

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(b)

Broadly, the Courts are directed to treat default judgments as a "weapon of last resort appropriate only when a party willfully disregards pending litigation." *Escamilla v. United States*, 62 F.4th 367, 372 (7th Cir. 2023) *citing Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). To show that it is appropriate to vacate the Judgment, "[a] party requesting relief under Rule 60(b)(1) must show: (1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *United States v. Dixon*, No. 99 C 7239, 2001 U.S. Dist. LEXIS 9709, at *5 (N.D. Ill. July 12, 2001)(Pallmeyer, D.J.) *citing Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994); *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Ocampo De Kalb v. GMAC Commer. Mortg. Corp.*, 169 F. Supp. 2d 810 (N.D. Ill. 2001).

And to the extent that the failure to serve the Judgement makes this a Motion to set aside an Entry of Default because the Judgment itself is not finalized, there is a "more 'lenient standard' than [for vacating] default judgments under Rule 60(b)." *Escamilla*, 62 F. 4th at 372 *citing Parker v. Scheck Mec. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009).

Further, the Hague Convention sets up a separate matrix for when and how a Judgment may be vacated.[2] Under Article 16:

> "the judge shall have the power to relief the defendant from the effects [of a judgment entered upon non-appearance] if the following conditions are fulfilled –
>
> > "*a)* the defendant, without any fault on his part, did not have knowledge of the document in sufficient time to defend, or knowledge of the judgment in sufficient time to appeal, and
>
> > "*b)* the defendant has disclosed a *prima facie* defence to the action on the merits."

Hague Convention, art. 16.

Further, the United States has declared that Article 16 vacatur can be brought within the time limits of the relevant rules (i.e. the Federal Rules) or the "expiration of one year following the date of Judgment, whichever is later". *See* Rusk Declaration, *Id*.

### a.    The Lack of Fault and Good Cause

WanHanKeJi was never properly served with process. The docket shows no service of the Default Judgment.

Under Article 16 standard, there was "lack of fault" in this case.

And under the Federal Rules, there was "good cause". The Defendants did not have any understanding of what happened to them during the lightning quick process of this case and

---

[2]    To underline, even if e-mail service is validly authorized for service overseas, that is an issue of service of process. The entirety Hague Convention still applies to the case, so long as the mailing address of the Defendant is known, as it is here. As noted above, Article 15 of the Hague Convention to which the United States acceded requires a six-month grace period before any Default Judgment is entered, and Article 16 establishes a distinct standard for vacatur informed by but ultimately independent of the Federal Rules.

only recently learned why their account was frozen and that they are able to challenge the freeze legally.

But again, since the Hague Convention applies, the relevant standard is "lack of fault" as of the "Defend" date of February 25, 2026.

And there was good cause because the Defendant has worked diligently to obtain Counsel, who then had to coordinate with U.S. Counsel who have appeared just one week after entry of the Default and no reliance interests have been triggered. It is just days from the issuance of the Judgment, before it was served, before the bond has been released, and before collections have begun. This is not a situation where the Court would have to unwind a long-ago-entered Judgment that has already been executed and relied upon by the Plaintiff.

### b. Meritorious Defense: e-mail Service was Invalid

Courts in this District have wrestled with the question of whether China's Declaration that it "[] oppose[s] the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention." Courtesy Translation of the Declaration of the People's Republic of China available online at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn bars service by e-mail. *NBA Props. v. The Partnerships, et al.*, 549 F. Supp. 3d 790, 798 (N.D. Ill. 2021) described how "the issue is not free of doubt".

Judge Pallmeyer in *Peanuts*, cited above, acknowledged that there are two lines of cases with *some* Courts holding that "the Convention 'nonetheless prohibits a means of service that is not explicitly addressed by [he Convention's] terms.'" *Peanuts*, at *19 *quoting Anova Applied Elecs., Inc. v. Hong King Grp., Ltd.*, 334 F.R.D. 465, 471 (D. Mass. 2020) and citing *Prem*

*Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 416 (N.D. Tex. 2020); *Duong v. DDG BIM Servs. LLC*, No. 8:23-CV-1551, 2023 WL 7209982, at \*4–5 (M.D. Fla. Nov. 2, 2023).

Other Courts hold, e-mail is not included in China's objection to mail service, *See Peanuts*, at \*18 *citing Luxottica Grp. S.p.A. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 391 F. Supp. 3d 816, 826–27 (N.D. Ill. 2019); *Habas Sinai Ve Tibbi Gazlar Istihsal A.S. v. Int'l Tech. & Knowledge Co., Inc.*, No. CV 19-608, 2019 WL 7049504, at \*4 (W.D. Pa. Dec. 23, 2019); *Smart Study Co. v. AcuteyeUs*, 620 F. Supp. 3d 1382, 1391 (S.D.N.Y. 2022); *CFTC v. Caniff*, No. 19-cv-2935, 2020 WL 956302, at \*6 (N.D. Ill. Feb. 27, 2020).

The Defendants in this Motion are not asking the Honorable Court to decide the issue of valid service on this Motion to Vacate. As *Peanuts* noted, this will continue to be litigated and would benefit from a decision by the Seventh Circuit[3] and this matter will be fully argued on an upcoming Motion to Dismiss. But the Moving Defendant does respectfully submit that the differing caselaw on the issue is sufficiently a "meritorious defense" that would qualify as a "prima facie" defense under Article 16 and Rule 60.

       **c.**    **Meritorious Defense**
                 **There is No Jurisdiction Over the Defendant because**
                 **Plaintiff did not Properly Serve Process**

Further, to comport with due process standard, alternative service overseas requires local language translation. Service by alternative means requires more than one attempt. And an

---

[3] And to be clear, the Moving Defendant expressly acknowledges that many of the Judges of this District have authorized e-mail service on Defendants in China. They make the argument here to preserve it for appeal and as a good faith argument for the extension and modification of the law, as this matter has not been finally resolved by the Seventh Circuit and the issue is in flux both locally and nationally.

Affidavit of Service by e-mail should contain a confirmation of Receipt or at least confirmation of no bounceback.

When approving alternative service on Osama bin Laden and Al Qaeda for their alleged role in the United States Embassy Compound attack in Nairobi Kenya, the District Court authorized service by publication in "the Washington Law Reporter, The International Herald Tribune, and Al-Quds Al-Arabi (in Arabic) for six weeks".  Order of District Judge Colleen Kollar-Kotelly, *Mwami v. U.S., et al.*, Case No. 1:99-cv-00125, D.E. 23 (D.D.C. Aug. 2, 1999).  When victims sought relief against alleged cartels in Mexico, the Court authorized service by "publi[cation of] a Spanish-language notice of this lawsuit in one national newspaper of general circulation in Mexico once a week for six consecutive weeks . . ." Order of Magistrate Judge Clare R. Hochhalter, *Langford v. Juárez Cartel, et al.*, Case No. 1:20-cv-00132 (D.N.D. Oct. 28, 2020).

However profound the alleged wrongs of the Defendants in this case, surely Defendants are entitled to same level of due process and basic procedural safeguards provided to cartels and violent international outlaws that include a local language translation and multiple publications.

Defendants respectfully submit that the cases which have not required English translations are the exceptions that prove the rule.  For example, in *BP Prods. N. Am. v. Dagra*, 236 F.R.D. 270, 2006 U.S. Dist. LEXIS 38100 (E.D.Va. 2006) the District Judge authorized alternative service on a Pakistan-based Defendant only after extensive efforts were made to locate the Defendant and two attempts under the Hague Convention failed.  The Judge considered and then expressly declined to require an Urdu translation only after the Judge made *specific* findings about *the specific Defendant's* proficiency in English and the Defendant's operation of a multi-

million dollar business in the United States, *See BP Prods.*, 236 F.R.D. at 273-274. And even *BP Prods.* required the ad to run once a week for four weeks.

Further, given the likelihood that an e-mail sent from the United States with a link to a foreign language (potentially blocked by the Great Firewall) website would be rejected by the Great Firewall or the recipients' e-mail filter, the Plaintiff should at the very least confirm that the e-mailed Service was not rejected, sent six times (consistent with the practice for service by newspaper publication), and should provide such confirmation in their Affidavit of Service.

This is not asking for the sky and the moon. In *Purple Innovation, LLC v. Chuang Fan Handicraft Co.*, Case No. 2:22-cv-620, 2023 U.S. Dist. LEXIS 75678, 2023 WL 3168485 (D. Utah Apr. 28, 2023) a Plaintiff under similar circumstances was required to serve the Complaint with the individual Summons to each individual Defendant by e-mail six times (consistent with how service by publication often require six (6) printings over a number of weeks to confirm the recipient's receipt) and to provide proof of service to the Court with confirmation that there was no bounceback.

In the interest of transparency, we would note that the arguments above were rejected by the Court in *Peanuts* and by this Honorable Court in *Klauber Bros., Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, Case No. 23-cv-10407; 2024 WL 182209 (N.D. Ill. Jan. 17, 2024). Although we would note that Judge Pallmeyer in *Peanuts* did find the argument "on slightly more solid footing as to the 'bounce back' confirmation" and that "[i]t would have been better practice for Plaintiff's counsel to do so", *Peanuts*, at * 11. We respectfully submit that for purposes of establishing a "prima facie" defense under Article 16 and a "meritorious defense" under Rule 60, the Court should at least allow the Defendants to be heard on these issues by vacating the Default Judgment.

      **d.    Meritorious Defense**
              **No Personal Jurisdiction**

As will be more fully explored in the separately filed Motion to Modify the Bond (and in the forthcoming Motion to Dismiss), there have been no organic sales in Illinois. The Defendant's records will show no sales in Illinois other than the "test sale" that created the jurisdiction in this State.

Again, the Defendant acknowledges that there is no unanimity on this issue in the Northern District, but the Defendant respectfully submits that for purposes of establishing a "prima facie" defense under Article 16 and a "meritorious defense" under Rule 60, the Court should at least allow the Defendant to be heard on these issues by vacating the Default Judgment to litigate the issue. This argument is also made to preserve the jurisdiction for appeal, and as a good faith argument for the extension and modification of the law, as the issue of whether "test sales" can create jurisdiction has not been finally resolved by the Seventh Circuit and the issue is in flux both locally and nationally.

      **e.    Meritorious Defense**
              **No Willful Infringement**

But the heart of the defense is the most important: There was no willful infringement!

The Court ordered a statutory fine of $50,000.00 on the default finding of willful infringement, See Judgment at p. 3 (ECF 49). But as will be shown in the Plaintiff's own evidence, the store appears to be a dropshipper with a number of items for sale that are not individually chosen to intentionally infringe any party's marks. To the contrary, the Plaintiff has not and will

not (during Discovery, should this matter proceed) establish any basis for the claim that the infringement was *willful*.

Because the Defendant has a strong factual defense on whether the alleged infringement was *willful* the Default should be vacated and the matter resolved on the anticipated Motion to Dismiss and through Discovery.

These arguments are presented without waiver of additional and/or supplemental arguments that may be raised in the anticipated Motion to Dismiss.

### F.     Conclusion

For these reasons we respectfully submit that this Honorable Court should Vacate the Default Judgment against Defendants, and Defendants should be provided at least ten (10) days to appear, Move to Dismiss and to provide such other and further relief as the Court may deem just and proper.


DATED:     **DECEMBER 12, 2025**


RESPECTFULLY SUBMITTED,

By:

Baruch S. Gottesman, Esq.
New York Bar No. 4480539
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004
Phone: (212) 401-6910
bg@gottesmanlegal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 12, 2025, simultaneous with the filing of this Submission, a copy of this submission was served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to all Counsel of Record who have appeared in this matter.