IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIT VIPER, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>AMR WANG, et al.,<br><br>        Defendants. | Case No. 25-cv-12495<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Daniel P. McLaughlin** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
<u>MOTION TO VACATE DEFAULT JUDGMENT</u>**

Plaintiff Pit Viper, LLC ("Plaintiff" or "Pit Viper") submits this response in opposition to defendant wanhankeji's ("Defendant") Motion to Vacate Default Judgment [53] (the "Motion").

## BACKGROUND

I.  THE PARTIES

   A.   **Plaintiff**

Pit Viper is an iconic American brand that designs, manufactures, and sells, among other things, stylish eyewear and sunglasses. *See* [17], ¶ 4. Plaintiff owns numerous federally registered trademarks, including, but not limited to: [image] (Reg. No. 6,903,760); [image] (Reg. No. 6,903,761); [image] (Reg. No. 6,363,259), PIT VIPER (Reg. No. 6,363,262); and DEMAND RESPECT & AUTHORITY (Reg. No. 7,078,584) (collectively, the "PIT VIPER Trademarks"). *Id.*, ¶¶ 7-8. Due to Plaintiff's longstanding use of its marks, extensive sales, and significant advertising and promotional activities, the PIT VIPER Trademarks have achieved widespread acceptance and recognition among the consuming public. *Id.*, ¶ 11.

   B.   **Defendant and Its Unlawful Conduct**

Defendant is a China-based e-commerce store operating under at least the seller alias wanhankeji on the U.S.-facing walmart.com (as opposed to, *e.g.*, a walmart.ca or walmart.com.mx store) platform where it advertised and sold sunglasses using counterfeits of the PIT VIPER Trademarks ("Counterfeit Products"). *See* Declaration of Trevor C. Talhami ("Talhami Decl."), ¶ 2. Defendant offered at least 20 variations of the Counterfeit Product. *Id.* On August 14, 2025, Plaintiffs' investigator ordered Defendant's Counterfeit Product to an Illinois address, paid for the product, subsequently received order, shipping, and delivery confirmation e-mails, and the Counterfeit Product was delivered to Illinois. *Id.*, ¶ 3. The Counterfeit Product arrived in packaging that copied Plaintiff's unique packaging design elements and included additional PIT VIPER Trademarks not visible in the product listing. *Id.*, ¶ 4; *see also* Figure 1.

1



*Figure 1*

According to the information on Defendant's walmart.com page, Defendant's business name is "guangzhouwanhankejiyouxiangongsi" and its address is "guangzhoushibaiyunquhengshayongwaijie2hao202fangang, guangzhoushi. GD 510080, CN." *See* [18], 99. The records provided by Walmart, Inc. ("Walmart") did not include an address for Defendant. *See infra* at 5. Plaintiff searched for Defendant's purported address and business entity on Google, Google Maps, Baidu, Baidu Maps, Bing, and Bing Maps. Talhami Decl., ¶ 5. The searches could not locate the address or locate Defendant at this address. *Id*. Likewise, Plaintiff searched the address Defendant provided in its Motion [46], "Room 202, No. 2, Hengsha Chungwai Street, Baiyun District, Guangzhou, China 510168." *Id*. This search similarly could not locate the address or Defendant at this address. *Id.*

## II. PROCEDURAL HISTORY

On October 17, 2025, the Court entered a Temporary Restraining Order ("TRO") that enjoined Defendant from infringing the PIT VIPER Trademarks and ordered Walmart to restrain

2

funds in Defendant's Walmart account. [24], ¶ 1, 4. The Court also entered an Order Authorizing Expedited Discovery and Electronic Service of Process (the "Order"), which ordered Walmart to provide expedited discovery regarding Defendant's sales, contact information, and e-mail addresses. [25], ¶ 2. On October 17, 2025, Plaintiff served the TRO [24] and Order [25] on Walmart. *See* Talhami Decl., ¶ 6. On October 23, 2025, Walmart confirmed restraint of Defendant's Walmart account, and the e-mail address used by Defendant to register and operate its Walmart account, vdjf26@163.com. *Id.* Walmart did not provide an address for Defendant. *Id.* Based on Plaintiff's counsel's experience, Walmart would have informed Defendant of the case, that their product listing was removed, and that their financial account was restrained at this time. *Id.*

The Order [25] also authorized Plaintiff to issue expedited written discovery to Defendant, as well as provide notice of these proceedings and complete service of process on Defendant pursuant to Fed. R. Civ. P. 4(f)(3) by electronically publishing a link to the Complaint, Order, and other relevant documents on a website, and by sending an e-mail with an attachment of the relevant documents and a link to said website to an e-mail address for Defendant. [25], ¶¶ 1, 3. On October 28, 2025, Plaintiff completed service of process on Defendant via Defendant's e-mail address. [33] to [33-2]; Talhami Decl., ¶ 7. Plaintiff also served Defendant with expedited discovery requests, and provided notice of the TRO [24] and Order [25], Plaintiff's Motion for Entry of Preliminary Injunction [30], and notice of the telephonic preliminary injunction hearing set by the Court at [32] via e-mail. *Id*. The Court entered the Preliminary Injunction [36] on November 3, 2025, and Plaintiff served Defendant with a copy of the Preliminary Injunction [36] the same day. *Id.*, ¶ 8.

On November 20, 2025, Plaintiff filed its Motion for Entry of Default and Default Judgment ("Plaintiff's Default Motion") [41], and e-mailed notice of Plaintiff's Default Motion to Defendant on the same day. *Id.*, ¶ 9. The same day, Plaintiff also provided notice to Defendant of

3

the Court's minute entry [44] setting a hearing for Plaintiff's Default Motion. *Id*. On December 2, 2025, Defendant filed a *pro se* Motion for Extension of Time to Respond to the Complaint or Temporary Restraining Order [46], where Defendant acknowledged receipt of the October 28, 2025 e-mails and that it had been communicating via e-mail and attempting to negotiate a settlement with Plaintiff since October 31, 2025. *See* [46]. Plaintiff moved to strike Motion [46] and, on December 3, 2025, sent notice to Defendant. [47]; see also Talhami Decl., ¶ 10. Plaintiff's Motion to Strike was granted. [48]. Defendant failed to object to Plaintiff's Default Motion, and the Court entered the Judgment [49] against Defendant on December 5, 2025, which was served on Defendant the same day. Talhami Decl., ¶ 11.

None of the e-mails Plaintiff sent Defendant bounced back from Defendant's e-mail or otherwise returned undelivered. Talhami Decl., ¶ 12. Despite acknowledging that it had notice of this lawsuit since at least October 28, 2025, [46], ¶ 1, Defendant delayed filing the Motion until December 12, 2025, over six weeks after Defendant became aware of this action. [53].

## ARGUMENT

Despite being properly served and receiving repeated notice throughout this case, Defendant asks this Court to vacate the Final Judgment Order [49] (the "Judgment"). However, Defendant fails to meet its burden of establishing that the Judgment is void under Rule 60(b)(4), or that it is entitled to relief under Rule 60(b)(1). As such, the Motion should be denied.

**I. ARTICLE 15 OF THE HAGUE CONVENTION NEITHER APPLIES NOR IS A BASIS TO RENDER THE JUDGMENT VOID**

Defendant argues that the Judgment is void because Plaintiff did not comply with the three requirements listed in Paragraph 2 of Article 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965 (the "Hague Convention"), 20 U.S.T. 361, 364, 1969 U.S.T. LEXIS 152, *21-22. [54], 9-11. This argument

4

fails. First, Defendant's address was unknown, so the Hague Convention (including Article 15) does not apply. Second, even if Article 15 of the Hague Convention applied, failure to comply with Article 15 does not render the Judgment void under Rule 60(b)(4). Third, by its plain terms, Article 15 does not apply where a defendant appeared in the case before entry of a judgment; and when service is completed pursuant to Rule 4(f)(3) by alternative means not provided for under the Hague Convention. Finally, even if Article 15 applied, Paragraph 2 of Article 15 is reserved for cases where there is no proof of service.

### A. The Hague Convention Does Not Apply

Article 1 of the Hague Convention states that "[t]his Convention shall not apply where the address of the person to be served with the document is not known." Hague Convention art. 1, 1969 U.S.T. LEXIS 152, at *16. Defendant claims that because there was an unverified and self-provided address listed on its Walmart store, its address was known. [54], 8-9. However, Plaintiff was unable to locate Defendant's purported address. *See* Talhami Decl., ¶ 5. Walmart did not provide an alternative physical address for Defendant. *See id.* Plaintiff was also unable to locate the address Defendant provided in its Motion [46]. *See id.* Based on this investigation, Defendant's address was unknown and the Hague Convention did not apply. Order at 3, *Hallmark Licensing LLC v. The P'ships, et al.*, No. 24-cv-00112 (N.D. Ill. Mar. 31, 2025) (Dkt. No. 70) (unpublished) (Bucklo, J.) ("Plaintiff offered evidence of its reasonably diligent efforts to ascertain defendant's address—including by using the very search engine ('Baidu') that defendants argue is used in China"); *see also Piechowicz v. P'ships, et al.*, 2024 U.S. Dist. LEXIS 176326, at *3 (S.D.N.Y. Sep. 24, 2024) (searching addresses on search engines, including Chinese search engine, is reasonable diligence). No further investigation was required, as it "would only result in wasted

5

resources and delay." *Popparties LLC v. Chenrui*, 2022 U.S. Dist. LEXIS 214729, at *6 (W.D. Wash. Nov. 29, 2022).

Given that the Hague Convention did not apply, Defendant's argument that Plaintiff had to comply with Article 15 of the Hague Convention fails.

B.    **Defendant Failed to Establish the Judgment Is Void Under Rule 60(b)(4)**

Even if the Hague Convention applied, Defendant's argument that the "Judgment was Void under Article 15 of the Hague Convention" fails. [54], 8. This argument falls under Rule 60(b)(4). Fed. R. Civ. P. 60(b)(4) ("court may relieve a party ... from a final judgment [if] the judgment is void."). Defendant does not apply or cite any of the relevant Rule 60(b)(4) standards in its Motion. "The obligation to raise the relevant arguments rests squarely with the parties." *G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012); *cf. Van Cannon v. United States*, 890 F.3d 656, 661 (7th Cir. 2018) (addition of "on motion and just terms" to revised Rule 60(b) suggests *sua sponte* application of Rule 60(b) is improper). Defendant's failure to make relevant arguments applying the correct standards constitutes waiver. *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 822 (7th Cir. 2011); *see also O'Neal v. Reilly*, 961 F.3d 973, 974 (7th Cir. 2020).

Regardless, "relief under Rule 60(b)(4) is granted only in exceptional circumstances." *In re Whitney-Forbes, Inc.*, 770 F.2d 692, 696 (7th Cir. 1985). The "list of such infirmities is exceedingly short." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "The rule 'is construed very narrowly and a judgment is normally void only if the rendering court lacked either subject matter jurisdiction or jurisdiction over the parties.'" *Whitney-Forbes*, 770 F.2d at 696. It provides no relief from a judgment "simply because it is or may have been erroneous," *Espinosa*, 559 U.S. at 270, or even for "gross errors." *Whitney-Forbes*, 770 F.2d at 696. Nor does it provide relief unless a judgment is "unarguably void." *Marques v. FRB*, 286 F.3d 1014, 1018

6

(7th Cir. 2002). Instead, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271.

There is no basis to find that the Judgment was void. Defendant's personal jurisdiction argument fails under the Seventh Circuit's decision in *NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022). *See infra* at 15. Defendant was properly served, had actual notice of the case since October, and received repeated notice from Plaintiff. This "more than satisfied [Defendants'] due process rights." *Espinosa*, 559 U.S. 260 at 272. Moreover, Article 15 is a "procedural rule," and "not jurisdictional." *Id.*; *Peanuts Worldwide LLC v. P'ships, et al.*, 347 F.R.D. 316, 332 (N.D. Ill. 2024) (Article 15 is not jurisdictional). Since the Court had jurisdiction over Defendant, even if the Judgment was entered prematurely, it does not render the judgment void. *White v. Crow*, 110 U.S. 183, 188 (1884) ("the question arises whether the rendition of the judgment before the time for filing defendant's answer had expired renders the judgment void. We are of opinion that it does not; [its] rendition was simply erroneous and nothing more."). *See also Espinosa*, 559 U.S. at 270 (judgment not void even if erroneous). As such, even if Article 15 applied, it "does not entitle [Defendants] to relief under Rule 60(b)(4)." *Id.* at 272.

### C. Article 15 Is Inapplicable to This Case

Article 15 does not apply to this case because (1) Defendant appeared in the case before Judgment was entered, (2) service was completed pursuant to Fed. R. Civ. P. 4(f)(3), and (3) Plaintiff successfully completed service and filed a properly executed return of service.

Paragraph 1 of Article 15 states that "[w]here a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and ***the defendant has not appeared***, judgment shall not be given until it is established

7

that" (Hague Convention art. 15, 1969 U.S.T. LEXIS 152, *21-22 (emphasis added)) the Court "has received sufficient proof that the summons and other documents were served or 'actually delivered' in 'sufficient time to enable the defendant to defend.'" *Peanuts*, 347 F.R.D. at 331. Here, Defendant appeared via Motion [46] on December 3, 2025, before Judgment was entered. [46]. As such, Article 15 is inapplicable because "Article 15, by its terms, does not apply to a party who has appeared." *e360 Insight v. Spamhaus Project*, 500 F.3d 594, 600 n.4 (7th Cir. 2007).

Similarly, the plain language of Paragraph 1 of Article 15 demonstrates that Article 15 only applies in cases where a defendant was served "**under the provisions of the present Convention**." Hague Convention art. 15, 1969 U.S.T. LEXIS 152, *21 (emphasis added); *see also Artnet Worldwide Corp. Inc. v. Gruber*, 2023 WL 6390167, at *2 (S.D.N.Y. Oct. 2, 2023) ("Where, as here, a plaintiff pursues a channel of transmission for service of process **under the Hague Convention**, 'Article 15 [of the Hague Convention]" applies) (emphasis added). Here, the Court ordered alternative service under Rule 4(f)(3)—not service "under the provisions of the [Hague] Convention" (*i.e.*, under Rule 4(f)(1)). As such, Article 15 is inapplicable.

Article 15's inapplicability is further confirmed by the plain language of Paragraph 2, which provides that, the Court, notwithstanding Paragraph 1, "may give judgment even if no certificate of service or delivery has been received, *if all of the following conditions are fulfilled*[:]

> a) the document was transmitted **by one of the methods provided for in this Convention**,
> b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,
> c) no **certificate** of any kind has been received, **even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed**.

Hague Convention art. 15, 1969 U.S.T. LEXIS 152, *22 (emphasis added). Sections (a) and (c) involve circumstances that arise exclusively in the context of service under the Hague Convention.

8

Under Defendant's interpretation, entry of default judgment would be impossible where a party is served by alternative means under Rule 4(f)(3).[1] *See O'Kane v. Apfel*, 224 F.3d 686, 691 (7th Cir. 2000) ("When construing statutes, courts should avoid 'absurd and unjust consequences.'").

Even if Article 15 applied, Defendant's argument still fails because Paragraph 2 of Article 15 is reserved for cases where "service was attempted under the Convention without any proof of success, despite the plaintiff's best efforts." *Peanuts*, 347 F.R.D. at 332. Here, Plaintiff filed a properly executed return of service detailing how service was accomplished on Defendant's e-mail, which constitutes a *prima facie* case of proper service. *Peanuts*, 347 F.R.D. at 332. Since Plaintiff "filed a certificate of service with this Court prior to the entry of default judgment, [the] second paragraph of Article 15 inapplicable." *Milwaukee Elec. Tool Corp. v. Individuals, et al.*, 2025 U.S. Dist. LEXIS 216016, at *8 (N.D. Ill. Nov. 3, 2025); [33] to [33-2].

Defendant does not dispute that entry of the Judgment was proper under Paragraph 1 of Article 15. Entry of the Judgment was proper under Paragraph 1 because the Court "has received sufficient proof that the summons and other documents were served or 'actually delivered' in 'sufficient time to enable the defendant to defend.'" *Peanuts*, 347 F.R.D. at 331. Additionally, Defendant conceded that service was proper by arguing that electronic service was a "*fulfillment* of the Hague Convention." [54], 9. Therefore, even if Article 15 applied, it is undisputed that entry of the Judgment was proper under Paragraph 1. *Milwaukee Elec. Tool Corp.*, 2025 U.S. Dist. LEXIS 216016, at *8; *see also Peanuts*, 347 F.R.D. at 332 n. 16.

---

[1] For these reasons, the Court should decline to follow *Bestway Inflatables & Material Corp. v. Individuals, et al.*, 2025 U.S. Dist. LEXIS 115749 (N.D. Ill. June 17, 2025). While that Court correctly determined that electronic service of process under Rule 4(f)(3) is proper, it erred in its interpretation of Article 15, which was unsupported by citation to any authority. Regardless, this case is distinguishable from *Bestway* because Defendant appeared in this case before judgment was entered.

9

Defendant's reliance on *Celine S.A. v. The P'ships, et al.*[2] is misplaced. In *Celine*, "no certificate of service was filed prior to the entry of default in that case." *Milwaukee Elec. Tool Corp.*, 2025 U.S. Dist. LEXIS 216016, at *8. "Thus, the case is distinguishable[ from *Celine*,] [b]ecause [Plaintiff] filed a certificate of service prior to the entry of default judgment." *Id.* Moreover, in *Celine*, the plaintiff's counsel "offered no substantive response to [the defendant's Article 15] argument[,]" requiring that Court to rule without adversarial briefing on the issue. 2025 U.S. Dist. LEXIS 39471, at *5. By contrast, in *Hallmark Licensing*, after receiving adversarial briefing, the Court rejected the argument that a default judgment was void because it violated Article 15. Order, *Hallmark Licensing*, No. 24-cv-00112 (N.D. Ill. Mar. 31, 2025), ECF No. 70 (Bucklo, J.). Defendant's interpretation was also rejected in *Peanuts*. 347 F.R.D. at 322.

## II. DEFENDANT'S RULE 60(B)(1) ARGUMENT FAILS

As a preliminary matter, Defendant incorrectly contends Article 16 of the Hague Convention provides the applicable standard to vacate the Judgment. The plain language of Article 16 requires that, at a minimum, Defendant "did not have knowledge of the document in sufficient time to defend." Hague Convention art. 16, 1969 U.S.T. LEXIS 152, *22-23. Defendant admitted that it knowledge and actual notice of the case and documents since October 28, 2025. [46], 1-2. Accordingly, Article 16 is inapplicable. In any event, "Defendant's invocation of Article 16 ... is merely a variation on its pleas for relief under Rule 60(b)(1) based on 'excusable neglect.'" *Peanuts*, 347 F.R.D. at 333. As such, even if Article 16 applied, Defendant's arguments would fail for the reasons discussed below.

---

[2] 2025 U.S. Dist. LEXIS 39471 (N.D. Ill. Mar. 5, 2025).

10

**A.     Legal Standard**

"Rule 60(b) supplies an extraordinary remedy to be granted in exceptional circumstances." *Casio Comput. Co. v. Noren*, 35 F. App'x 247, 249 (7th Cir. 2002). Default judgments are neither "easily wiped away[,]" nor strongly disfavored in the Seventh Circuit. *Chase Int'l, Inc. v. Link & Pan of Texas, Inc.*, 1995 WL 506056, at *1 (N.D. Ill. Aug. 17, 1995); *see also Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1224 (7th Cir. 1991) (when discussing district courts' increased use of default judgments, the Seventh Circuit stated "[m]ore power to them.").

Setting aside a default judgment under Rule 60(b)(1) is appropriate only if Defendant shows (1) "good cause" for its default; (2) took "quick action to respond to the default"; and (3) has "a meritorious defense to the underlying allegations." *Acosta v. DT & C Glob. Mgmt., LLC*, 874 F.3d 557, 560 (7th Cir. 2017). All three requirements must be met. *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 67 (7th Cir. 1994). Defendant fails at each step.

i.     <u>Defendant Failed to Establish Good Cause for Its Default</u>

The Seventh Circuit has made it clear that the "good cause" standard under Rule 60(b)(1) is limited and applied stringently. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). This standard requires proving "extraordinary circumstances" or "excusable neglect" for a party's default. *Id.* at 164. "Extraordinary circumstances" arise only where "the events contributing to the default judgment have not been within the meaningful control of the defaulting party." *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir. 1984). Further, "inadvertence, ignorance of the rules, or mistakes construing the rules are not ordinarily recognized as forms of excusable neglect." *Casio*, 35 F. App'x at 250. Likewise, "negligent handling of a case, by itself, will not excuse untimely behaviour or satisfy the showing required by Rule 60(b)." *Id.*

11

Defendant previously admitted to having actual notice of the case since October 2025, yet does not describe any circumstances out of its control that resulted in its default. Instead, Defendant claims that there is good cause for its default because Defendant "was never properly served with process" and the "docket shows no service of the Default Judgment." [54] at 13. However, Plaintiff filed a "signed return of service [which] constitutes *prima facie* evidence of valid service which can be overcome only by strong and convincing evidence." *Peanuts*, 347 F.R.D. at 323. "Defendant has failed to provide any affidavit at all—only an oblique statement in its opening brief ... which is not admissible evidence." *Id.* at 324. Also, Plaintiff provided notice of both Plaintiff's Default Motion and the Judgment to Defendant. *See* Talhami Decl. at ¶¶ 9, 11.

Next, Defendant argues that there was good cause for Defendant's default because it "did not have any understanding of what happened to them during the lightning quick process of this case." [54], 13-14. However, this does not establish good cause because "ignorance of the rules, or mistakes construing the rules" are not good cause under Rule 60(b)(1). *Casio*, 35 F. App'x at 250. Further, "a foreign defendant's difficulty obtaining local representation does not constitute 'good cause' to vacate a default judgment." *Tygris Asset Fin., Inc. v. Szollas*, 2010 WL 2610652, at *3 (N.D. Ill. June 21, 2010). Finally, Defendant argues that obtaining counsel and alleged timeliness of its Motion are good cause for its default. [54], 14. However, this argument confuses the liberal good cause standard under Rule 55(c) to set aside default, with the stringent good cause standard under Rule 60(b)(1) to set aside default judgment. *Compare Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007) ("Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error"), *with*, *Jones*, 39 F.3d at 164 (7th Cir. 1994) (Rule 60(b)(1) requires establishing good cause for the default). Accordingly, none of the arguments made by Defendant establish good cause for its default and the Motion should be denied.

      ii.      Defendant Failed to Establish Quick Action

Defendant admits it had actual notice of this case since October 28, 2025, yet does not offer any explanation for why it delayed filing the Motion for six weeks. *See, e.g.*, *Sullivan v. Gen. Plumbing, Inc.*, 2007 WL 1030236, at *4 (N.D. Ill. Mar. 31, 2007) (three weeks not quick action). Regardless of whether there was quick action, the Motion must still be denied because Defendant failed to show good cause or a meritorious defense. *Pretzel*, 28 F.3d at 46-47.

      iii.      Defendant Failed to Establish a Meritorious Defense

Defendant bears the burden of establishing a meritorious defense "to the underlying allegations" of the Complaint. *Acosta*, 874 F.3d at 560. A meritorious defense requires more than general denials and bare legal conclusions, and must be supported by a developed legal and factual basis. *See Jones*, 39 F.3d at 165. To establish a meritorious defense in this context, "Defendant would, at a minimum, need to proffer to this Court that he either did not use or sell counterfeits of Plaintiff's goods, or alternatively, that he did so under a valid license or right of authority." *Lifted Rsch. Grp., Inc. v. Chaudry*, 2008 WL 11510727, at *2 (D.N.J. Mar. 6, 2008). "Here, [Defendant does] not even deny the complaint's allegations [which] plainly fails to show that [it has] a meritorious defense to the complaint." *Guangzhou Luck Commerce Co. v. Individuals, et al.*, 2024 U.S. Dist. LEXIS 242057, at *20 (N.D. Ill. Sep. 30, 2024). Instead, Defendant challenges service and personal jurisdiction as meritorious defenses under 60(b)(1); Defendant does not, however, raise these arguments under Rule 60(b)(4), and consequently waived that they are a basis to render the Judgment void. *See Reilly*, 961 F.3d at 974. Defendant also asserts lack of willfulness as a meritorious defense. Each of these arguments fails as explained below.

### 1. Defendant's Service Arguments Fail

Defendant does not dispute that electronic service is valid, but argues that because a minority of cases have concluded that electronic service of process under Rule 4(f)(3) is invalid, this establishes a meritorious defense. [54], 15. However, these are just legal conclusions unsupported by a developed legal and factual basis, which are insufficient to present a meritorious defense. *Jones*, 39 F.3d at 165; *Wehrs v. Wells*, 688 F.3d 886, 890-91 (7th Cir. 2012). Defendant's claim that it should "at least ... be heard on these issues," [54], 17, is "illogical." *Wehrs*, 688 F.3d at 891. Defendant "was free to raise specific facts to support [its] purported meritorious defense in [its Motion]." *Id.* Moreover, this Court has repeatedly upheld electronic service of process under Rule 4(f)(3) in similar cases and that it comports with due process. *Hangzhou Chic Intelligent Tech. Co. v. P'ships et al.*, 2021 U.S. Dist. LEXIS 64064, at *5-12 (N.D. Ill. Apr. 1, 2021) (Durkin, J.); *Klauber Bros. v. P'ships at al.*, 2024 U.S. Dist. LEXIS 8397, at *6-10 (N.D. Ill. Jan. 17, 2024) (Durkin, J.); *Viahart LLC v. Suzhou Everich Imp. & Exp. Co.*, 2021 U.S. Dist. LEXIS 164062, at *10 (N.D. Ill. Aug. 30, 2021) (Durkin, J.).

Defendant's counsel also advances several due process arguments that have been unsuccessful, including before this Court. [54], 16-17. Defendant does not dispute that it had actual notice of this case and that it received the e-mails Plaintiff sent. *See* [46]. Defendant even communicated with Plaintiff via e-mail regarding this case, through the same e-mail address Plaintiff used for service. *Id.* Accordingly, electronic service was proper and constituted notice reasonably calculated to apprise Defendant of this case, and afford it with the opportunity to defend. *Peanuts*, 347 F.R.D. at 324-25.

*2. Defendant's Personal Jurisdiction Argument Fails*

In direct conflict with the Seventh Circuit's decision in *NBA Props.*, Defendant also argues that a "test sale" is insufficient to establish personal jurisdiction over Defendant. [54], 18. This argument has "been squarely rejected in this Circuit." *Neman Bros. & Assocs. v. P'ships, et al.*, 2024 U.S. Dist. LEXIS 223383, at *9 (N.D. Ill. Dec. 10, 2024) ("just one sale to a buyer in Illinois showed that a defendant was 'target[ing] the Illinois market' and was therefore sufficient to establish personal jurisdiction) (citing *NBA Props.*, 46 F.4th at 624). Plaintiff's uncontradicted allegations, supported by uncontradicted evidence, that Defendant sold Counterfeit Products to Illinois establishes a *prima facie* case of personal jurisdiction. *See Société pour l'Oeuvre et la Mémoire de Saint-Exupéry v. Individuals*, 2025 U.S. Dist. LEXIS 196324, at *3 (N.D. Ill. Oct. 3, 2025) (Durkin, J.).

*3. Defendant's Willfulness Argument Fails*

Finally, Defendant claims that it has a meritorious defense because "[t]here was no willful infringement!" [54] at 18. However, "general denials" and "simple assertions unsupported by specific facts or evidence" do not establish a meritorious defense. *Wehrs*, 688 F.3d 886, 890-91. Willfulness is also irrelevant to liability since "as the Seventh Circuit has recognized, '[s]ellers bear strict liability for violations of the Lanham Act.'" *Republic Techs. (NA), LLC v. Friends Trading Inc.*, 2020 WL 5905218, at *7 (N.D. Ill. Oct. 6, 2020) (quoting *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1152 n.6 (7th Cir. 1992)). Willfulness is also not required for an award of statutory damages under 15 U.S.C. § 1117(c), which expressly authorizes an award of up to $200,000 for **non-willful** conduct. 15 U.S.C. § 1117(c).

In sum, none of the arguments Defendant made establish a meritorious defense as required for Rule 60(b)(1). As such, the Motion should be denied.

15

Dated this 7th day of January 2026.	Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiff Pit Viper, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in the case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiff Pit Viper, LLC*
