IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIT VIPER, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>AMR WANG, et al.,<br><br>        Defendants. | Case No. 25-cv-12495<br><br>**Judge Thomas M. Durkin**<br><br>**Magistrate Judge Daniel P. McLaughlin** |

**DECLARATION OF TREVOR C. TALHAMI**

I, Trevor C. Talhami, of the City of Chicago, in the State of Illinois, declare as follows:

1. I am an attorney at law, duly admitted to practice before the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff, Pit Viper LLC ("Plaintiff" or "Pit Viper"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. Defendant wanhankeji ("Defendant") is a China-based e-commerce store operating under at least the seller alias wanhankeji on the U.S.-facing walmart.com (as opposed to, e.g., a walmart.ca or walmart.com.mx store) platform where it advertised and sold sunglasses using counterfeits of the PIT VIPER Trademarks ("Counterfeit Products"). Defendant offered at least 20 variations of the Counterfeit Product. **Exhibit 1** attached hereto is a true and correct copy of screenshots of Defendant's Walmart store, which were previously filed as part of Exhibit 3 to the Complaint [2] and Exhibit 3 to the Declaration of Vance Lommen [18].[1]

---

[1] The screenshots originally submitted to the Court in Exhibit 3 to the Complaint [2] and Exhibit 3 to the Declaration of Vance Lommen [18] included only one image each of the infringing listing, Defendant's Walmart account contact information, and shipping confirmation. The screenshots attached hereto include the entire screenshot evidence gathered by Plaintiff.

3. On August 14, 2025, Plaintiffs' investigator ordered Defendant's Counterfeit Product to an Illinois address, paid for the product, subsequently received order, shipping, and delivery confirmation e-mails, and the Counterfeit Product was delivered to Illinois. Attached hereto as **Exhibit 2** are true and correct copies of these e-mails.

4. The Counterfeit Product arrived in packaging that copied Plaintiff's unique packaging design elements and included additional PIT VIPER Trademarks not visible in the product listing. Attached hereto as **Exhibit 3** is Defendant's Counterfeit Product and its packaging. Attached hereto as **Exhibit 4** are exemplary images of Plaintiff's unique packaging design elements.

5. I, or someone under my direction, searched for Defendant's purported address and business entity on Google, Google Maps, Baidu, Baidu Maps, Bing, and Bing Maps. The searches could not locate the address or locate Defendant at this address. Likewise, I, or someone under my direction, searched the address Defendant provided in its Motion [46], "Room 202, No. 2, Hengsha Chungwai Street, Baiyun District, Guangzhou, China 510168." This search similarly could not locate the address or Defendant at this address. Attached hereto as **Exhibit 5** are true and correct screenshots of these search results.

6. On October 17, 2025, my office served the Temporary Restraining Order ("TRO") [24] and Order Authorizing Expedited Discovery and Electronic Service of Process (the "Order") [25] on Walmart. On October 23, 2025, Walmart confirmed restraint of Defendant's Walmart account, and the e-mail address used by Defendant to register and operate its Walmart account, vdjf26@163.com. The records provided by Walmart did not include an address for Defendant. Based on my firm's experience, Walmart would have informed Defendant of the case, that their product listing was removed, and that their financial account was restrained at this time.

7. On October 28, 2025, my office completed service of process on Defendant via Defendant's e-mail address. [33] to [33-2]. My office also served expedited discovery requests, and provided notice of the TRO [24] and Order [25], Plaintiff's Motion for Entry of Preliminary Injunction [30], and notice of the telephonic preliminary injunction hearing set by the Court at [32] via e-mail. **Exhibit 6** attached hereto are true and correct copies of the October 28, 2025 e-mails regarding service, expedited discovery requests, notice of the TRO [24] and Order [25], notice of Plaintiff's Motion for Entry of a Preliminary Injunction, and notice of the telephonic preliminary injunction hearing set by the Court at [32].

8. The Court entered the Preliminary Injunction Order [36] on November 3, 2025, and my office served Defendant with a copy of the Preliminary Injunction [36] the same day. **Exhibit 7** attached hereto is a true and correct copy of that e-mail.

9. On November 20, 2025, my office sent notice of Plaintiff's Motion for Entry of Default and Default Judgment [41], and e-mailed notice of Plaintiff's Default Motion to Defendant on the same day. The same day, my office also provided notice to Defendant of the Court's minute entry [44] setting a hearing for Plaintiff's Default Motion. **Exhibit 8** attached hereto are true and correct copies of these e-mails.

10. On December 3, 2025, my office sent notice of Plaintiff's Motion to Strike Defendant's Motion for Extension [47] to Defendant via e-mail. **Exhibit 9** attached hereto is a true and correct copy of that e-mail.

11. On December 5, 2025, my office sent notice of the Final Judgment Order [49] to Defendant via e-mail. **Exhibit 10** attached hereto is a true and correct copy of this e-mail.

12. None of the e-mails Plaintiff sent Defendant bounced back from Defendant's e-mail or otherwise returned undelivered.

13. **Exhibit 11** attached hereto is an accurate copy of unpublished decisions cited in the corresponding Response in Opposition to Defendant's Motion to Vacate Default Judgment [53].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this the 7th day of January 2026 at Chicago, Illinois.

/s/ Trevor C. Talhami
Trevor C. Talhami
*Counsel for Plaintiff*
*Pit Viper, LLC*