Exhibit 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Hallmark Licensing, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-112 |
| | ) | |
| The Partnerships and Unincorporated Associations Identified on Schedule A | ) | |
| | ) | |
| Defendants. | ) | |

Order

Plaintiff's motion to file a sur-reply is granted. Defendant Kekeduck's motion under Fed. R. Civ. P. 60(b)(4) to vacate the default judgment entered against it is denied.

Statement

The complaint in this case was filed in January of 2024 and asserts trademark infringement claims against Kekeduck and numerous other entities allegedly based in China. On January 11, 2024, I entered a temporary restraining order ("TRO") enjoining defendant from infringing plaintiff's trademarks and ordering Amazon to provide expedited discovery regarding defendant's identity and contact information. Amazon provided the e-mail

address guantengtrading@hotmail.com and restrained defendant's account that same month. The TRO authorized plaintiff to complete service and provide notice by electronically publishing the Complaint, TRO, and other relevant documents to a website, and by sending an e-mail to Defendant at the e-mail address provided by Amazon. Plaintiff electronically published the Complaint, TRO, and relevant documents to http://gbcinternetenforcement.net/24-112/. Plaintiff moved for entry of default and default judgment on April 16, 2024, and it provided notice to defendant the same day via e-mail at the address above. On August 6, 2024, defendant's counsel contacted plaintiff to inquire about settlement. Plaintiff responded with a settlement offer but never received a reply.

Defendant does not dispute any of the above facts but seeks to vacate the default judgment on the ground that e-mail service of process was improper. But the arguments it raises—that the Hague Convention applies, and that it and prohibits e-mail service on defendant—have been rejected by the overwhelming majority of courts in this district and elsewhere. "The Hague Service Convention governs the service of process of civil matters among citizens of signatory nations in an attempt to give litigants a reliable, efficient, and standardized means of international service." *Oakley, Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, No. 20-CV-05049, 2021 WL 2894166, at *4 (N.D. Ill. July 9, 2021). But the Convention does

2

not apply if a defendant's address is "not known." *Id.* Plaintiff offered evidence of its reasonably diligent efforts to ascertain defendant's address—including by using the very search engine ("Baidu") that defendants argue is used in China—and was unable to confirm it. Moreover, even assuming that the Hague Convention applies, I have previously expressed my agreement with the vast majority of courts that have held that it does not prohibit e-mail service on Chinese defendants, *see Turnpro LLC v. The Entities, et al.*, No. 21-cv-02763 (N.D. Ill. June 24, 2022) (Bucklo, J.) (ECF No. 105), and do so again now. *See also*, e.g., *NBA Properties, Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A",* 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021), aff'd sub nom. *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022) (citing cases). Accordingly, plaintiff's service of defendant by e-mail complies with Fed. R. Civ. P. 4(f)(3).

Defendant claims not to have received plaintiff's e-mails, stating that the address plaintiff received from Amazon is "not monitored." But according to the declaration of Daven Brodess, that is the address defendant provided to Amazon as its "administrator" address to receive "business critical" information, including infringement notices—which, Brodess explains, Amazon would have sent in this case according to its usual practice. ECF 64. Accordingly, even if defendant's speculation that it did not receive plaintiff's e-mails because

3

they were blocked by the so-called "Great Firewall" of China is credited, its insistence that it had no notice of this case prior to entry of judgment is implausible.

                                      **ENTER ORDER:**

*[signature]*
                                          **Elaine E. Bucklo**
                                     United States District Judge

Dated: March 31, 2025