UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PIT VIPER LLC,

        Plaintiff,

        v.

WANHANKEJI,

        Defendant.

No. 25 C 12495

Judge Thomas M. Durkin

**ORDER**

On October 17, 2025, the Court authorized electronic service of process in this case pursuant to Federal Rule of Civil Procedure 4(f)(3). *See* R. 25. The summons was issued five days later. *See* R. 28. Plaintiff filed proof of service on October 28, 2025. *See* R. 28. Plaintiff then moved for entry of default and default judgment.

Defendant appeared and moved for an extension of time to plead. *See* R. 46. However, evidence presented by Plaintiff indicates that Defendant is a corporation, and the motion filed on behalf of Defendant was improperly filed by an individual who is not any attorney. *See* R. 47. The Court set a hearing on the default motion, and Defendant again failed to appear. In light of the failed appearance, and the fact that that motion for an extension was improperly filed on Defendant's behalf by a non-attorney, the Court struck the motion for extension of time and entered judgment against Defendant on December 5, 2025. *See* R. 48; R. 49.

Seven days later on December 12, 2025, an attorney entered an appearance for Defendant and filed a motion to vacate the judgment. *See* R. 53. The same day, the

Court entered a briefing schedule on the motion, ordering a response due January 7, 2026, and reply due January 14, 2026. *See* R. 55. Plaintiff filed its response the day it was due, but Defendant never filed a reply.

In its moving brief, Defendant first argues that entry of default was not proper under the Hague Convention, because according to Defendant, Article 15 of the Hague Convention requires six months to have passed from the time service was transmitted before the Court can enter judgment. *See* R. 54 at 9-10 (citing *Convention Done at the Hague Nov. 15, 1965;*, T.I.A.S. No. 6638 (Feb. 10, 1969), Art. 15, 2d para., sec. (b) (Article 15)); *see also Celine S.A. v. P'ships . . . on Schedule "A"*, 2025 WL 712484, at *3 (N.D. Ill. Mar. 5, 2025). But that requirement only applies "if no certificate of service or delivery has been received." *See* Article 15, 2d para. Here, proof of service was filed with the Court. Therefore, the six-month waiting period does not apply. *See Milwaukee Elec. Tool Corp. v. Individuals . . . on Schedule "A"*, 2025 WL 3057628, at *3 (N.D. Ill. Nov. 3, 2025) ("Here, [the plaintiff] filed a certificate of service with this Court prior to the entry of default judgment, which renders second paragraph of Article 15 inapplicable.").

Defendant next argues that email service is not valid under the Hague Convention. As Defendant acknowledges, this Court, and many others in this district, have rejected this argument repeatedly. *See Klauber Bros., Inc. v. P'ships . . . Identified in Schedule "A"*, 2024 WL 182209, at *3 (N.D. Ill. Jan. 17, 2024); *see also Oakley, Inc. v. P'ships . . . Identified in Schedule "A"*, 2021 WL 2894166, at *4-6 (N.D. Ill. July 9, 2021). Defendant cites contrary cases finding that the Hague Convention

does not permit email service. *See* R. 54 at 15. But the Court's prior decisions have addressed this reasoning and rejected it. There is no reason to change course now absent guidance from the Seventh Circuit.

Defendant argues that the Court should have required the process served in this case be translated from English and that service be attempted repeatedly before the Court granted a default. *See* R. 54 at 15. To support this argument, Defendant cites cases involving alternative service on international criminals and terrorists that was translated and repeatedly published. *See* R. 54 at 16.

These cases are entirely inapposite. Defendant is not a criminal attacking the United States from outside. Rather, Defendant is a business with a presence in the United States—albeit a virtual one—continually selling products in the United States. Defendant provided the email address used for service to Walmart for the purpose of conducting business in the United States in English. The email was intended for business purposes, and this case is a result of Defendant's business activities. There is no reason to believe that Defendant did not immediately receive and comprehend the information contained in the email sent in order to serve process.

Moreover, the default here was not due to any defect in the service or Defendant's inability to understand it. The Court did not enter a default judgment because Defendant failed to timely respond to the summons. Neither did the Court enter a default judgment because Defendant failed to appear at the hearing on the preliminary injunction. Rather, Defendant defaulted when Defendant failed to appear for a court hearing *after* Defendant filed a motion in this Court. The Court

3

entered a default judgment against Defendant because Defendant had demonstrated by filing a motion for an extension that Defendant had notice of the case and the motion for default, understood its consequences, and failed to appear at the hearing on the default motion. These facts are not an indication that the Court's decision not to require that process be translated or repeatedly transmitted was improper.

Defendant next challenges the Court's personal jurisdiction finding by arguing that the sale made to Plaintiff's counsel is insufficient to establish personal jurisdiction. But the Seventh Circuit has held otherwise. *See NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022) ("[The defendant] nevertheless argues that [the plaintiff] has manufactured jurisdiction by having its agent purchase the infringing product. Such an assertion simply cannot be squared with [Seventh Circuit precedent]."). The Court must follow this binding precedent.

Lastly, Defendant argues that the judgment is faulty because "there was no willful infringement." *See* R. 54 at 18. The argument fails because the Seventh Circuit has recognized, "sellers bear strict liability for violations of the Lanham Act." *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1152 n.6 (7th Cir. 1992)). And the statute itself expressly provides for damages for non-willful conduct. *See* 15 U.S.C. § 1117(c).

Therefore, Defendant's motion to vacate [53] is denied.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated:  April 6, 2026